IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MARK A. BLANKENSHIP, | ) | CV. NO. 11-00443 DAE-KSC |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | |
| BOBBY L. MEEKS, | ) | |
| Respondent. | ) | |

ORDER DENYING PETITIONER'S § 2241 MOTION

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the Petition and the supporting and opposing memoranda, the Court **DENIES** Petitioner's Motion. (Doc. # 1.)

BACKGROUND

Federal prisoner Mark A. Blankenship ("Petitioner"), proceeding pro se, petitions for a writ of habeas corpus, challenging the Federal Bureau of Prison's ("BOP") decision to deny his application for transfer into a Residential Re-Entry Center ("RRC").

Petitioner was originally sentenced to a term of six years and six months of imprisonment for a bank robbery that took place in 1991. ("Rivera Decl.," Doc. # 11-1, Ex. 1). On November 10, 2010, Petitioner was sentenced to an additional one year term of incarceration for violating the terms of his supervised release. (Cr. No. 91-00920-DAE, Doc. # 26.) He is currently incarcerated at the Federal Detention Center in Honolulu ("FDC Honolulu") with a projected release date of November 13, 2011. (Rivera Decl. ¶ 2.)

After meeting with Petitioner in January 2011, staff members at FDC Honolulu filed a request to transfer him to an RRC based on his need to reintegrate into the community. ("Manini Decl.," Doc. # 11-5, ¶ 2.) The transfer request was approved by the Warden and forwarded to the Community Corrections Manager's ("CCM") office, which attempted to secure placement for Petitioner through T.J. Mahoney Hale ("Mahoney Hale"), a private entity that arranges RRC placements for prisoners on behalf of BOP. (Id. ¶ 3.) On May 31, 2011, Mahoney Hale sent CCM a memorandum indicating that Petitioner could not be referred to an RRC based on his "history of serious violence" against numerous robbery victims and due to additional incidents of violence during his supervised release. (Id., Ex. 1.)

Petitioner proceeded with the first of three levels of administrative review by filing a Request for Administrative Remedy with FDC Honolulu.

(Rivera Decl. ¶¶ 3, 4.) His request was received by Warden Bobby L. Meeks ("Defendant") on July, 18 2011. (Id.) On August 16, 2011, Defendant sent Petitioner a response letter denying his request for administrative relief. (Id., Ex. 3.) In the response letter, Defendant detailed Petitioner's violent activities during his supervised release, including Petitioner's attempts to break into a tourist's hotel room and to attack the tourist with garden sheers. (Id.)

On July 15, 2011, Petitioner filed the instant Petition before this Court. ("Pet.," Doc. # 1.) Petitioner claims that the BOP abused its discretion under 28 U.S.C. § 3624(c) when it denied his transfer application. (Id. at 3.) He argues that the BOP failed to fulfill its obligation under § 3624(c)(6), which requires BOP to ensure that each prisoner is provided the greatest likelihood of successful reintegration into the community. (Id.) Petitioner claims that he does not have a history of violence and that the BOP was deliberately indifferent to his acute medical needs when it denied his transfer request. (Id. at 2–3) Petitioner requests an order directing the BOP to approve his transfer to an RRC. (Id. at 3.)

On August 31, 2011, Defendant filed his Response. ("Resp.," Doc. # 11.) Defendant argues that Petitioner's claims should be dismissed for lack of jurisdiction and because Petitioner failed to exhaust his administrative remedies before filing his habeas petition. (Id. at 4–10.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 2241, habeas corpus relief is available to a federal prisoner in custody under the authority of the United States if he can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1),(3). While a federal prisoner challenging the validity or constitutionality of a conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of the execution of that sentence is required to bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"). Under § 2241, a habeas corpus petition must be brought in the judicial district of the petitioner's custodian. Hernandez, 204 F.3d at 865.

DISCUSSION

A federal inmate must ordinarily exhaust administrative remedies in the prison system before filing a petition for habeas corpus under 28 U.S.C. § 2241. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986). District courts have traditionally had the authority to waive exhaustion if a prisoner has shown that administrative appeals would be futile or ineffective. See Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990) (providing that exhaustion requirement is not statutory and therefore is not jurisdictional) (overruled on other grounds, Reno v. Koray, 515 U.S. 50, 54–55 (1995)); see also Fournier v. Zickefoose, 620 F. Supp. 2d 313 (D. Conn. 2009) (applying futility exception and waiving administrative exhaustion requirement).[1]

---

[1] Some question remains as to whether the Prison Litigation Reform Act of 1995 ("PLRA") superceded the district courts' discretion to waive exhaustion in the context of a § 2241 habeas petition. See 42 U.S.C. § 1197e(a); Woodford v. Ngo, 548 U.S. 81, 85 (2006) (holding based on PLRA that "exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983") (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)); see also, e.g., Hawash v. Thomas, 2008 WL 4377430 (D. Or. Sept. 25, 2008) (rejecting § 2241 habeas petitioner's futility argument because the futility exception was superceded by the PLRA); Aguilar v. Daniels, 2006 WL 3345194 (D. Or. Nov. 16, 2006) (same); but see, e.g., Ward v. Chavez, 2009 WL 2753024 (D. Ariz. Aug. 27, 2009) (recognizing that PLRA exhaustion requirement does not apply to habeas petition brought under § 2241 and considering merits of futility argument); Clark v. Rios, 2010 WL 1948617 (E.D. Cal. 2010) (same). The Court need not resolve this issue because, as discussed infra, even assuming the Court had discretion to reach Petitioner's futility argument, it is not persuasive.

According to BOP regulations, a prisoner who is dissatisfied with the BOP's decision regarding transfer to an RRC must proceed through three levels of administrative review prior to filing a habeas petition. (Rivera Decl. ¶ 3.) An inmate first files a Request for an Administrative Remedy locally and receives a response from the Warden. See 28 C.F.R. § 542.11. The inmate may then, within twenty days of the date listed on the response letter, undertake the second level of review by filing an appeal to the Regional Director. Id. § 542.15(a). An inmate has thirty days from the date of the Regional Director's response letter to file a third and final administrative appeal to the Office of General Counsel. Id.

Petitioner here undertook the first of these appeals by filing a Request for an Administrative Remedy that was received by FDC Honolulu on July 18, 2011. (See Rivera Decl. ¶ 4.) He received a letter of denial from Defendant on August 16, 2011 and, to date, has not yet filed an appeal with the Western Regional Office of the BOP in Stockton, California. (Id.)

Petitioner concedes that he has not exhausted his administrative remedies but argues that exhaustion in his case would be futile because his sentence expires on November 13, 2011, whereas "[t]he Administrative Remedy process can take up to 220 days if all extensions are exercised by the BOP." (Pet. at 3.)

6

The amount of time an appeal takes, however, is not a justification for excusing the exhaustion requirement.² See Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (noting that, in the context of habeas petitions, issues relating to timing "are properly first brought before the [BOP]") (citing 28 C.F.R. § 542.15); Veloria v. McGraw, 2008 WL 2736033 (D. Haw. July 11, 2008) (rejecting futility argument that was based on the "time-sensitive" nature of prisoner's request). Instead, in the habeas context, exhaustion of administrative remedies is futile "where the agency's position on the question at issue appears already set, and it is very likely what the result of recourse to administrative remedies would be." Sun v. Ashcroft, 370 F.3d 932, 942 (9th Cir. 2004). Accordingly, courts have generally limited the futility exception to circumstances in which a prisoner has shown that further appeals within the prison system would be denied based on the BOP's official policy. See, e.g., Fraley v. U.S. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993) (affirming district court's decision on § 2241 habeas review that

---

² Petitioner also argues that he suffers from spondylolysis, a spinal condition that requires acute care that is not available at FDC Honolulu, but would be available at an RRC. If the Court instead were to construe his complaint as a claim for injunctive relief under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), Petitioner would still have to exhaust his administrative remedies. See Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1991) (construing prisoner's complaint for civil rights violations as a Bivens action under § 2241 and noting that exhaustion is required); see also Terrell v. Brewer, 935 F.2d 1015, 1019 (9th Cir. 1991) (requiring exhaustion prior to considering petitioner's Bivens action).

exhaustion would have been futile where BOP cited official policy in letter denying transfer request); Hicks v. Hood, 203 F. Supp. 2d 379, 382 (D. Or. 2002) (excusing exhaustion because prisoner had done everything possible to expedite the appeals process and denial of transfer was based in part on official BOP policy); Fournier, 620 F. Supp. 2d at 317 (excusing exhaustion because BOP had found prisoner eligible for transfer but limited her time in RRC due to official BOP policy).

Here, Petitioner does not contend that his transfer request was denied pursuant to BOP policy, nor has he made a diligent effort to pursue each administrative remedy as it has become available. He has only pursued the first administrative appeal available to him. (See Rivera Decl. ¶ 4.) Without more, the Court cannot conclude that the exhaustion requirement should be waived.

Further, allowing Petitioner to proceed in federal court at this time would contradict the policy goals underlying the exhaustion requirement. In Woodford v. Ngo, 548 U.S. 81, 88–89 (2006), the Supreme Court reiterated the objectives behind the requirement that prisoners exhaust administrative remedies prior to seeking judicial review. The Court recognized, based on administrative and habeas law, that exhaustion serves two main purposes: preserving administrative authority and promoting efficient adjudication. Id. at 89 (citing

McCarthy, 503 U.S. 140, 145 (1992)).  First, the exhaustion requirement protects administrative authority by allowing agencies to correct their own mistakes, and, second, it promotes efficiency because administrative proceedings before an agency are faster and more cost-effective than litigation in federal court.  Id.  Both policy objectives inform this Court's decision to require exhaustion here.  If district courts were to waive exhaustion for the reason cited by Petitioner, any prisoner nearing the end of a sentence could by-pass the administrative process and proceed directly to federal court.  This would undercut the BOP's authority to make independent decisions and correct its own mistakes, contrary to the Court's decision in Woodford.[3]

        Accordingly, Petitioner has failed to exhaust his administrative remedies.

---

[3] In any event, such a scenario would also be inefficient in this case.  Even if this Court were to hear Petitioner's claim, it cannot require BOP to transfer the Petitioner immediately to an RRC, because the decision to grant or deny a transfer request is discretionary.  See 18 U.S.C. § 3624(c)(4) ("Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.")  In the case of a § 2241 habeas challenge to the BOP's denial of a request to transfer to an RRC, a district court can do no more than require BOP to consider the transfer application in accordance with § 3624 and to ensure that, in exercising its discretion, the BOP considers each of the five factors enumerated in 18 U.S.C. § 3621(b).  Rodriguez v. Smith, 541 F.3d 1180, 1189 (9th Cir. 2008) ("[Section 3621(b)] expressly instructs that all placement and transfer determinations take into consideration *each* of the five factors enumerated in the statute.") (emphasis in original).

## CONCLUSION

For these reasons, the Court **DENIES** Petitioner's Motion. (Doc. # 1.)

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 28, 2011.



_____
David Alan Ezra
United States District Judge

Blankenship v. Meeks, CIVIL NO. 11-00443 DAE-KSC; ORDER DENYING PETITIONER'S § 2241 MOTION